#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Charles Anthony Dalzell, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:24-cv-173 |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Offer Giants and Sydney George, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Charles Anthony Dalzell, proceeding without counsel and in forma pauperis (IFP), filed a complaint and supplements to the complaint alleging claims arising out of a state court case in which he challenged the validity of a lien that had been placed on his home. (Doc. 4; Doc. 7; Doc. 8). Under 28 U.S.C. § 1915(e)(2), the court may review an IFP complaint prior to service on a defendant. If the court determines the complaint is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant immune from such relief, the court must dismiss the action before it is served on the defendant. Additionally, under Federal Rule of Civil Procedure 12(h)(3), the court must dismiss any claims over which the court lacks subject matter jurisdiction.

#### Background

In his complaint, Dalzell describes a series of events that have caused him significant hardship. Dalzell names as defendants Sydney George and Offer Giants, but he seeks relief from the State of North Dakota rather than from the defendants he named. Offer Giants, also known as OfferGiants, Offer Giants LLC, and Offer Giants Investments & Holdings LLC, is a Texas real estate investment company that specializes

in buying homes from homeowners who desire to quickly sell their homes.[1] Sydney George was a co-owner and manager of Offer Giants. See <u>Dalzell v. Offer Giants LLC</u>, No. 32-2024-CV-00059, Index #6 (Pembina Cnty. May 1, 2024) (Affidavit of Notice of Interest in Real Estate executed by George as a co-owner, chief operating officer, and a managing member of Offer Giants, LLC); (<u>see also</u> Doc. 4-2, p. 2) (partial copy of George's Affidavit). Dalzell states he needed to sell his home because he obtained a new job that required him to relocate. (Doc. 8, p. 2). He asserts Offer Giants attempted to purchase his home "for literally nothing," so Dalzell declined the offer. <u>Id.</u> at 1. Dalzell alleges he would not sell his home for the amount offered, so George recorded a fraudulent lien, dated July 31, 2023, on Dalzell's home in Pembina County, North Dakota. Dalzell states the homeowners named on the lien did not match those on the deed and asserts the lien was obviously fraudulent.

Dalzell contacted an attorney to assist him. In an undated email from the attorney to Dalzell, the attorney stated Dalzell's lawsuit against Offer Giants would not be commenced until the attorney effected service on Offer Giants, which had been avoiding service. (Doc. 4-3, p. 1). In another undated email, the attorney advised Dalzell that on December 27, 2023, a Texas process server successfully served Offer Giants,

---

[1] <u>See</u> Taxable entity Search, Texas Comptroller of Public Accounts, https://mycpa.cpa.state.tx.us/coa/coaSearchBtn (search entity name "Offer Giants"); Better Business Bureau, https://www.bbb.org/us/tx/houston/profile/real-estate-investing/offer-giants-llc-0915-90060512 (last visited Oct. 31, 2024) ("This company specializes in real estate investing services including distressed home owners [sic] needing to sell their home fast."); OfferGiants, https://offergiants.com/faq/ (last visited Oct. 31, 2024) (stating the company buys houses that are in the process of liquidation and that need to be sold immediately, houses where the owner needs to quickly relocate, houses seized by a lien, houses on which taxes are owed and the owner is no longer able to afford payments, houses damaged by natural disasters that the owner cannot afford to repair, and houses owned by a retiree who cannot afford payments associated with the home).

Offer Giants' answer would be due January 24, 2024, and counsel would move for default judgment on that date if Offer Giants failed to respond. Id. at 3. It does not appear the attorney filed any complaint or motion in state court on Dalzell's behalf.[2]

While trying to effect service on Offer Giants, Dalzell tried to sell his home to other buyers. However, "The Title Team," a company that verifies title information and provides real estate closing services,[3] said it would keep $12,500 of the sale proceeds until Offer Giants' lien was released. (Doc. 4-5, p. 2). In an email from Dalzell's attorney to The Title Team, the attorney stated he had attempted to obtain a copy of an alleged contract between Offer Giants and Dalzell but Offer Giants had not responded, the affidavit George recorded did not comply with North Dakota's statutory lien requirements, it appeared Offer Giants was "trying to scam Mr. Dalzell and extort $12,500 from him in order to record a release of the affidavit," there was not a valid contract between Dalzell and Offer Giants because the underlying purchase agreement was not signed by all owners of the home, and because "Offer Giants tried to subsequently change terms to less money and a longer closing period," it showed Offer Giants knew "it never had a valid, binding agreement" with Dalzell. (Doc. 4-3, p. 2). Dalzell claims his attorney failed to send a letter The Title Team had requested, which resulted in three potential buyers of his home having "backed out." (Doc. 4-5, p. 2).

---

[2] See North Dakota Courts Records Inquiry, https://securepa.ndcourts.gov/Search.aspx?ID=200 (Search "Party" for a "Business" for "Offer Giants," "OfferGiants," "Offer Giants LLC," and "Offer Giants Investments & Holdings LLC," search "Party" for a "Name" for "Sydney George," and search "party" for a "name" for "Charles Dalzell"). The various searches showed only one case initiated by Dalzell against Offer Giants LLC and Sydney George—the case Dalzell describes in this action—and the state court records show Dalzell initiated that case without assistance of counsel.

[3] See The Title Team, https://www.thetitleteam.com/ (last visited Nov. 4, 2024).

After Dalzell's attorney communicated with The Title Team and effected service of process on Offer Giants, Dalzell states his attorney requested "another [$]25,000 to fight for damages" that resulted from Offer Giants' recording of the invalid lien. Dalzell states he learned North Dakota Century Code section 35-27-24.1 entitled him to a damages award and he then called his attorney to ask about that statute and about the additional $25,000 the attorney had requested. But Dalzell asserts, his attorney "ignored" him for three days and then "quit on [him]." Id.

After his attorney quit, Dalzell went to the Pembina County Courthouse, stated he had proof the lien was invalid, and asked for advice. He asserts the Clerk told him to get another attorney, laughed at him, said "good luck," and walked away from him. Id. at 3. He further asserts the Clerk failed to file "anything" his attorney had done and misled him, which wasted time and delayed his case. Id. Dalzell states he lost his job because of his inability to sell his home and relocate, and he faced resulting significant financial hardship.

According to the state court docket, on April 23, 2024, Dalzell, proceeding without counsel, petitioned to have the lien declared invalid. Dalzell v. Offer Giants LLC, No. 32-2024-CV-00059, Index #6 (Pembina Cnty. May 1, 2024). On July 9, 2024, the state court issued an order declaring the lien invalid. Id. at Index. #25. In that order, the court found Dalzell had entered into a contract with Offer Giants to buy his home for $58,000, with closing to take place within seven days. After the contract was signed, Offer Giants called Dalzell and changed the terms of the contract—the price would be $50,000, with closing to take place in 60 to 90 days. Dalzell did not agree to those changes, he was not provided a copy of the original contract or the amendments to the contract, closing never took place, and Dalzell received no payment. Though Dalzell did

4

not accept the changes and had received no payment, on August 3, 2023, Offer Giants filed an Affidavit of Notice of Interest in Real Estate with the Pembina County Recorder. Id.

In the state court case, Dalzell requested $654,800 in damages, including "$301,000 compensatory, $50,000 nominal, $250,000 punitive, $12,300 civil, $12,500 attorney's fees, and $29,000 KodaBank." Id. The court largely denied Dalzell's damages request because certain damages were not clearly ascertainable, his calculation of damages stemming from the sale of the house was inappropriate, he failed to offer proof of certain damages, he had not moved to amend his complaint to seek punitive damages, and he was not entitled to attorney fees because counsel did not represent him in that case. The court also determined George could not be personally liable for any money judgment because the lien she recorded stated the lien claimant was Offer Giants. The court awarded Dalzell only statutory damages in the amount of $1,000. Id.

Dalzell states the judge had asked him for a list of damages and costs. He asked the judge how meticulous his list should be, and the judge advised she "only wanted what the damages were and how much they cost financially." (Doc. 4-5, p. 4). Dalzell stated he kept the list simple, as the judge requested, but the judge then denied his damages request because he did not provide enough explanation. Id.

Because he disagreed with the court order as to damages, Dalzell appealed that order. His submission, however, did not comply with court rules. The North Dakota Supreme Court directed Dalzell to file an affidavit by September 13, 2024, but Dalzell did not do so.[4] On September 26, 2024, the North Dakota Supreme Court dismissed

---

[4] The North Dakota Supreme Court docket indicates a "Notice of Possible Dismissal Due to Failure to Proceed" was sent to Dalzell on September 4, 2024, but that

5

Dalzell's appeal "for failure to proceed under the Rules of Appellate Procedure." Dalzell v. Offer Giants LLC, No. 32-2024-CV-00059, Index #33 (Pembina Cnty. Oct. 18, 2024).

This court granted Dalzell's September 3, 2024 motion to proceed IFP, and his complaint was filed. Though Dalzell names Offer Giants and Sydney George as defendants, his claims are actually against the state court judge—Judge Kari Agotness—who presided over his Pembina County case. Dalzell asserts Judge Agotness delayed his case, which permitted defendant George time to transfer assets to others so Dalzell could not recover damages from George or from her business, Offer Giants. (Doc. 4, p. 1). Dalzell asserts Judge Agotness misconstrued facts and misapplied state law when determining his entitlement to damages. Specifically, Dalzell asserts Judge Agotness misapplied North Dakota Century Code section 35-27-24.1, which provides, "Any owner that successfully contests the validity or accuracy of a construction lien by any action in district court must be awarded the full amount of all costs and reasonable attorney's fees incurred by the owner."[5] And he contends Judge Agotness knew an attorney represented Dalzell, evidenced by email communications, but lied about that fact in her order and erroneously denied him attorney fees and the other damages he had requested. Id. at 3. He states Judge Agotness "screwed" him because he did not have an attorney throughout the state court case and Judge Agotness did like him and his

---

document is not accessible and so the nature of the affidavit the North Dakota Supreme Court directed Dalzell to file is unclear. Dalzell v. Offer Giants, LLC, No. 20240185 (N.D. Sept. 2, 2024).

[5] The court notes the lien on Dalzell's home was not a construction lien. See Henry Hill Oil Servs. LLC v. Tufto, 987 N.W.2d 314, 318 (N.D. 2023) (stating "a person is entitled to a construction lien if they contract with an owner to improve real property"). Rather, Offer Giants recorded a non-consensual common-law lien. See N.D. Cent. Code § 35-35-01. (Doc. 4-2).

"straight[-]forward attitude." (Doc. 4-5, p. 1).

Dalzell contends Judge Agotness' actions, and the actions of the Clerk who misled him, caused Dalzell to lose his job, his good credit, years of his life, his bank accounts, and his trust in the judicial system. Dalzell requests that Judge Agotness be "disbarred" or removed from office and the State of North Dakota be required to pay him the $654,000 he asserts he was entitled to recover in the state case. (Doc. 4, p. 4; Doc. 4-5, p. 5). Dalzell requests "reimbursement" immediately to avoid having to file for bankruptcy and so he can "move on with life peacefully." (Doc. 4-5, p. 1). Finally, he states that "Sydney George belongs in jail." Id. And he asserts George and Judge Agotness have "ruined [his] life." Id. at 5.

## Law and Discussion

To state a cognizable claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2), as interpreted by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), Ashcroft v. Iqbal, 556 U.S. 662 (2009), and their progeny. To meet the Twombly/Iqbal standard, a complaint must present a "plausible" claim and must give the defendants fair notice of the claim and of the grounds upon which it rests. E.g., Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015). When the factual content of a complaint allows the court to reasonably infer a defendant is liable for the alleged misconduct, the complaint has stated a facially plausible claim. Iqbal, 556 U.S. at 678. In other words, the complaint must "possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

While facts alleged in the complaint are to be accepted as true, conclusory allegations of the elements of a cause of action are insufficient to state a claim that is plausible on its face. Id. In construing a pro se complaint, a court is to take a liberal

7

approach and is to hold a pro se litigant to a less stringent pleading standard than would be required of attorneys. Erickson v. Pardus, 551 U.S. 89, 93 (2007).

Liberally construing his complaint, Dalzell requests three remedies: (1) that Judge Agotness be disbarred or removed from office, (2) that the State of North Dakota pay him $654,000 in damages related to the state court case, and (3) that George be jailed. While the court is sympathetic to Dalzell's hardships, this court does not have the authority to order any of the relief Dalzell requests.

First, Dalzell did not name either Judge Agotness or the State of North Dakota as defendants. But even if he had, this court does not have authority to disbar or remove a state court judge or to order the State of North Dakota to pay money damages. State court judges are entitled to absolute immunity from suit for all judicial actions, except those taken in the complete absence of all jurisdiction. Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003). Dalzell does not assert facts that would deprive Judge Agotness of judicial immunity. And, under the Eleventh Amendment, states are immune from suits for money damages in federal courts absent a waiver of that immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). The State of North Dakota has not waived its Eleventh Amendment immunity. See N.D. Cent. Code § 32-12.2-10.

Next, to the extent Dalzell challenges Judge Agotness' order regarding damages, this court does not have subject matter jurisdiction to consider that challenge. Under the Rooker-Feldman doctrine,[6] federal district courts lack subject matter jurisdiction over direct challenges to state court orders and over any claims inextricably intwined with

---

[6] The Rooker-Feldman doctrine is derived from two Supreme Court cases: (1) Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); and (2) District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

those state court decisions. Robins v. Ritchie, 631 F.3d 919, 925 (8th Cir. 2011); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Finally, this court cannot order that George be imprisoned. A plaintiff cannot compel the prosecution and jailing of another individual. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

## Conclusion

Though this court recognizes Dalzell has faced hardships that he attributes to George, Offer Giants, and Judge Agotness, this court has no jurisdiction to review Judge Agotness' decision or to provide any of the relief Dalzell requests. Because Dalzell has not stated a plausible claim upon which the relief he requests can be granted, it is **ORDERED** that his complaint, (Doc. 4), is **DISMISSED**. Because any appeal would be frivolous and could not be taken in good faith, it is further **ORDERED** that any appeal may not be taken in forma pauperis.

**JUDGMENT SHALL BE ENTERED ACCORDINGLY**.

Dated this 5th day of November, 2024.

*/s/ Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge